MATTHEW B. GOLPER, SBN 275979
mgolper@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
2 Park Plaza, Suite 470
Irvine, California 92614
Telephone: (818) 508-3700
Facsimile: (818) 506-4827

AMANDA C. KOZIOL, SBN 300863
akoziol@brgslaw.com
INBAL GIRON, SBN 358681
igron@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone: (818) 508-3700
Facsimile: (818) 506-4827

Attorneys for Defendant
FEDEX SUPPLY CHAIN, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ESTELA FUENTES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX SUPPLY CHAIN, INC.; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.<br><br>[San Bernardino County Case No. CIVSB2533687]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT (DIVERSITY)**<br><br>[28 U.S.C. §§ 1332, 1441 & 1446]<br><br>*[Filed Concurrently with Declaration of Amanda C. Koziol; Declaration of Annee Bui; Corporate Disclosure Statement; Notice of Interested Parties; and Civil Case Cover Sheet]*<br><br>Trial Date:     None Set |

/ / /

/ / /

/ / /

4025613.1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant FEDEX SUPPLY CHAIN, INC. ("Defendant" or "FedEx") hereby removes the above-entitled action brought by Plaintiff ESTELA FUENTES ("Plaintiff") in the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446.  The grounds for removal are stated below.

## I. BACKGROUND

1. On November 17, 2025, Plaintiff commenced this action by filing a Complaint in the Superior Court for the State of California, County of San Bernardino, titled *Estela Fuentes vs. FedEx Supply Chain Inc.; and Does 1 through 100, inclusive*, Case No.CIVSB2533687 ("Complaint" or "the State Court Action").  *See* Declaration of Amanda C. Koziol in support of Notice of Removal ("Koziol Decl."), ¶ 2, Exhibit ("Exh.") A, Complaint ("Compl.").)

2. In the Complaint, Plaintiff asserts the following causes of action: 1. For Perceived And/Or Physical Disability Discrimination, Harassment And Retaliation in Violation of California Government Code §§ 12940, et seq. [FEHA]; 2. For Discrimination, Harassment and Retaliation in Violation of California Government Code §§ 12945.2, et seq. [CFRA]; 3. For Wrongful Termination in Violation of Public Policy; and 4. For Declaratory Relief.  (Koziol Decl., ¶ 2, Exh. A, Compl.)

3. Plaintiff served the Complaint and other case-initiating documents attached as <u>Exhibit B</u> on Defendant's designated agent for service of process on December 5, 2025.  (*See* Koziol Decl., ¶ 3, Exh. A, Compl.; Exh. B, Summons, Service of Process Transmittal Summary, and Alternative Dispute Resolution)

4. Defendant filed its Answer to Plaintiff's Complaint on January 5, 2026. (Koziol Decl., ¶ 4, Exh. C, Answer.)

/ / /

4025613.1

1

5.	Prior to the filing of Defendant's Notice of Removal, Defendant's counsel reviewed the San Bernardino County Superior Court's online docket regarding the above-captioned action. Based on that review, Defendant downloaded the Notice of Certificate of Assignment Needed and the Notice of Trial Setting Conference and Notice of Case Assignment. (*See* Koziol Decl., ¶ 5, Exh. D, Notice of Certificate of Assignment Needed and the Notice of Trial Setting Conference and Notice of Case Assignment). To the best of Defendant's counsel's knowledge, the foregoing Complaint, and the pleadings and documents attached to the Koziol Declaration as Exhibits A, B, C, and D, constitute all of the process, pleadings, orders, and other documents received by Defendant and/or filed in the state court action in San Bernardino County Superior Court. (*See* Koziol Decl., ¶ 6.)

6.	As of the time of this filing, no other parties have been named or served with the Summons and Complaint in this matter. Because the "Doe" defendants have not been served, they need not join or consent to Defendant's Notice of Removal. *Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678- 79 (9th Cir. 1925) (named defendants not yet served in state court action need not join in the notice of removal); *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1426, 1429 (9th Cir. 1984) (same).

## II.     THIS REMOVAL IS TIMELY AND PROPER

7.	Under 28 U.S.C. section 1446(b)(1), a case may be removed to federal court within thirty (30) days after the initial pleading is served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of the complaint through some other means). Plaintiff served her Complaint on Defendant on December 5, 2025, which sets forth the claim for relief upon which such action or proceeding is based as provided under 28 U.S.C. § 1446(b)(1). Defendant has filed this Notice of Removal within thirty (30) days after receipt and within one

year after commencement of this action. *See* 28 U.S.C. § 1446(b)(1). Therefore, Defendant's removal of this action is timely.

### III.   DIVERSITY JURISDICTION – 28 U.S.C. § 1332(a)

8. Section 1332(a) provides, in relevant part, as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)   citizens of different States[.]

9. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

10. **Plaintiff is a Citizen of the State of California.**  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

11. Plaintiff was during her employment, at the time of the filing of this action, and currently is, a resident and citizen of the State of California. In Plaintiff's Complaint, she states that she "was, and now is, an individual residing of the County of Riverside, State of California." (Koziol Decl., ¶ 2, Exhibit A, Compl., ¶ 4); *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-520 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in

[state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). In addition, during Plaintiff's employment, Plaintiff's address that she supplied to the Company was at all times a California address. (*See* Declaration of Annee Bui ("Bui Decl."), ¶ 5.) Accordingly, Plaintiff is a citizen of the State of California for purposes of analyzing diversity jurisdiction.

12. Defendant is not a State, State official or any other governmental entity. (*See* Bui Decl., ¶ 7.)

13. **Defendant Is Not a Citizen of California**. In determining diversity jurisdiction, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters." 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).

14. Defendant was at the time of filing this action, and remains, incorporated in the state of Delaware, with its headquarters located in Warrendale, PA. (Bui Decl., ¶ 6.) Defendant's executive and administrative functions are performed in Warrendale, Pennsylvania. (Bui Decl., ¶ 6); *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed). Therefore, Warrendale, Pennsylvania, is Defendant's principal place of business. Accordingly, Defendant is a citizen of Pennsylvania, and Delaware, for purposes of diversity.

/ / /

/ / /

15. Thus, diversity of citizenship exists between Plaintiff, a citizen of California on the one hand, and Defendant, a citizen of Delaware and Pennsylvania, on the other hand.

16. **Complete Diversity Exists as No Other Parties Have Been Served.** At the time of this filing, Defendant is not aware of any Doe defendant having been served with a copy of the Summons and Complaint. (Koziol Decl., ¶ 7.) Accordingly, the citizenship of any "Doe" defendants named in Plaintiff's Complaint may be disregarded for purposes of removal. 28 U.S.C. § 1441(a); *see also Newcombe v. Adolf Coors Co.*, 157 F.2d 686, 690-91 (9th Cir. 1998).

## IV.   AMOUNT IN CONTROVERSY

17. Where, like here, a complaint filed in state court is unclear as to the amount in controversy, a removing party need only make a prima facie showing that it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996)). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 401 (9th Cir. 2010). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott,* 936 F.3d 920, 927 (9th Cir. 2019) (citing *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation "whatever the likelihood that [the plaintiff] will actually recover them").)

18. General, special, compensatory, and punitive damages, and attorneys' fees that are recoverable by statute may all be included in the jurisdictional amount in controversy calculation. *See e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155, 1156 (9th Cir. 1998); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.3d 785-787 (9th Cir. 1963).

19. This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008); (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005.) A removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921 (C.D. Cal. March 3, 2015) (*citing Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)); *Ponce v. Medical Eyeglass Ctr., Inc.*, 2015 U.S. Dist. LEXIS 98517, *2 (C.D. Cal. July 27, 2015) (*citing Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)). Moreover, Defendant does not need to submit evidence to support its notice of removal. *Dart Cherokee*, 135 S. Ct. at 553. Defendant needs to only plausibly allege that the amount in controversy exceeds $75,000. *Id*.

20. Plaintiff's Complaint prays for: (1) general damages; (2) medical expenses and related items of expense; (3) loss of earnings; (4) loss of earning capacity; (5) reasonable attorneys' fees and costs of suit; (5) a permanent injunction; (6) pre-judgment; and (7) exemplary or punitive damages – ***all of which are aggregated to determine the amount in controversy***. (*See* Koziol Decl., ¶ 2, Exh. A, Compl, Prayer for Relief.)

21. Without admitting Plaintiff is entitled to recover any damages whatsoever or that Defendant is liable to Plaintiff in any way, based on the allegations in the Complaint and the reasonable assumptions to be drawn from those allegations, the amount in controversy with respect to Plaintiff's individual claims exceeds $75,000, the jurisdictional requirement of this Court, as explained below:

/ / /

/ / /

22. **Lost Wages and Benefits.** In her Complaint, Plaintiff seeks compensation for "loss of earnings." (Koziol Decl., ¶ 2, Exh. A, Compl., ¶¶ 29, 40, 43, 51, 54, Prayer for Relief, ¶ 3.) At or around the time Plaintiff's employment with Defendant was terminated on September 10, 2025, Plaintiff was a full-time employee earning $24.66 per hour, or approximately $51,000.00 annually. (Bui Decl., ¶ 4.) Both past and future lost wages should be taken into account for purposes of evaluating the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, *4 n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

23. The amount of back pay in controversy between the time Plaintiff last performed work for Defendant and the filing of this removal is conservatively at least $16,768.80 ($24.66/hour x 40 hours x 17 workweeks). Defendant reasonably contends, however, that a trial would not be for another year or more, which would add an additional year of recoverable back pay. When calculating the additional year of back pay, Defendant conservatively estimates that the amount of back pay in controversy between the time Plaintiff last performed work for Defendant and the date of trial (i.e., January 4, 2027) is at least **$68,061.60** ($24.66/hour x 40 hours x 69 workweeks).

24. In addition, Plaintiff seeks future damages or front pay as a result of Defendant's alleged wrongful conduct. (Koziol Decl., ¶ 2, Exh. A, Compl., ¶¶ 26, 40, 51, and Prayer for Relief, ¶ 4.) Such damages often span several years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App.3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 92 (1976) (front pay award of four years)*; Drzewiecki v. H & R Block, Inc.,* 24 Cal. App. 3d 695, 705 (1972) (front pay award of ten years)*; Harrod v. Bass Pro Outdoor World, LLC,* 2018 WL 705541, at *2 (C.D. Cal. Feb. 5, 2018) (accepting

defendant's calculation of plaintiff's front pay damages for one year of wages). Even conservatively estimating that Plaintiff seeks front pay damages of only one year, the amount of front pay in controversy in this case is at least **$51,000.00** for Plaintiff.

25.  In total, without even taking into account Plaintiff's claim for lost benefits, the amount in controversy on Plaintiff's claim for lost wages is conservatively estimated at **$119,061.60** ($68,061.60 (back pay) + $51,000.00 (front pay)).

26.  **Emotional Distress.** In addition to lost past and future wages and benefits, Plaintiff seeks to recover damages for past and future emotional distress and physical illness. In this regard, Plaintiff alleges that as a result of Defendant's alleged conduct, she has experienced "severe and permanent emotional and mental distress," among other things. (Koziol Decl., ¶ 2, Exh. A, Compl., ¶¶ 30, 44, and 55.)

27.  "[T]he vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting that these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp.2d 447,450 (S.D. Cal.1995). Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. In *Hettick v. Federal Express Corporation*, Santa Clara County Superior Court case number 103-CV-010014, Hettick alleged a co-worker harassed her, management did not take sufficient action to stop the harassment, and *Hettick* was constructively discharged as a result. In 2005, a jury awarded *Hettick* $200,000 in emotional distress damages. *See also Wang v. Rees Scientific Corporation*, 2014 WL 8108412 (2014) (jury award of $166,302 for emotional distress where plaintiff alleged sex and race/ancestry discrimination in violation of the FEHA); *Swinton v. Potomac Corp.,* 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Redfield v. Insurance Co. of N. Am.*, 940 F.2d 542 (9th Cir. 1991), *overruled on other grounds* (award of $25,000). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that

the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id*. at 980. Thus, based on *Kroske* and other employment cases, the emotional distress component of Plaintiff's claims adds *at least* **$25,000** to the amount in controversy.

28. **Punitive Damages**: "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Plaintiff seeks punitive damages in this matter. (Koziol Decl., ¶ 2, Exh. A, Compl., ¶¶ 32, 46, 57, and Prayer for Relief, ¶ 10.) Punitive damages are oftentimes calculated as a multiplier of compensatory damages. Though Defendant denies that Plaintiff is entitled to punitive damages, or any damages at all, her claims for lost wages alone (and not including the complained-of lost benefits and other compensatory damages by the time of trial) already easily exceed the threshold amount in controversy.

29. In *Aucina v. Amoco Oil Co.,* 871 F.Supp. 332 (S.D. Iowa 1994), the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that defendant was a Fortune 500 Company and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on one of her claims and establish an award under Civil Code § 3294, the punitive damages alone could exceed the jurisdictional minimum. *See e.g.*, *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 904 (9th Cir. 1994) (affirming district court's decision to award ten times plaintiff's backpay award in punitive damages after

finding the company acted with oppression and malice in discriminating against plaintiff due to her gender, including basing its decision to lay off plaintiff and its failure to rehire her on her gender); *Harvey v. Sybase, Inc.*, 161 Cal.App.4th 1547 (2008) (reversing JNOV on jury verdict of $500,000 in punitive damages on claims of race and gender discrimination where there was "substantial evidence that [plaintiff's supervisor] had formed the intent to make race and gender-based personnel decisions in the HR department").

30. **Attorneys' Fees:** While Plaintiff seeks an unspecified amount of attorneys' fees, such fees **must** also be taken into account to determine jurisdictional amounts, if a statute authorizes fees to a successful litigant. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019)( "[A] court **must** include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.")(emphasis added)(internal quotation marks and citations omitted).

31. Here, Plaintiff has alleged multiple causes of action arising from purported violations of the FEHA and SFRA. Attorneys' fees are generally available as a "matter of right" under FEHA and indeed, Plaintiff's Complaint identifies that she is seeking attorneys' fees for these purported violations. (Koziol Decl., ¶ 2, Exh. A, Compl. ¶¶ 26, 33, 40, 47, 51, 58, 65, and Prayer, ¶ 5, 6, 8.)

32. The measure of attorneys' fees is that which accrues until the action is resolved. *Simmons,* 209 F.Supp.2d at, 1034-35 (N.D. Cal. 2002). And as the court noted in *Simmons*, "attorneys' fees in individual discrimination cases often exceed the damages." *Id.* at 1035.

33. In 2001, the California Supreme Court upheld an award of attorneys' fees in an action alleging violations of FEHA for $1,088,231. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001); *see also Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) ($535,700 in attorney's fees awarded under FEHA); *Akers v. Cty. of San Diego*, 95 Cal. App. 4th 1441, 1452-53 (2002) (lower

court awarded $249,349 in attorneys' fees in wrongful termination in violation of public policy and discrimination case brought under FEHA); *Dwyer v. Crocker Nat'l Bank,* 194 Cal. App. 3d 1418 (1987) ($75,258 in attorneys' fees awarded under FEHA); *Zissu v. Bear, Stearns & Co.,* 805 F.2d 75 (1986) ($550,000 in attorneys' fees awarded under FEHA).

34. In sum, although Defendant denies that any of Plaintiff's claims have merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims easily exceeds the $75,000 jurisdictional threshold. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

**Summary of Amount in Controversy**

| Plaintiff's Claims | Amount in Controversy |
|---|---|
| Back Pay | $68,061.60 |
| Front Pay | $51,000.00 |
| Emotional Distress Damages | $\geq$ $25,000 |
| Punitive Damages | TBD |
| Attorneys' Fees | TBD (but admits likely to be > $75,000) |
| **TOTAL** | **$212,061.60** |

## V.   REMOVAL JURISDICTION

(1) This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it has been filed within 30 days after Defendant was served with the Complaint. For all of the foregoing reasons, this Court has original jurisdiction of this action under 28 U.S.C. §§ 1332, 1441(b) and 1446(b).

(2) Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) as the state action was filed in this district and it is the judicial district in which this action arose. Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the

BALLARD ROSENBERG GOLPER & SAVITT, LLP
2 PARK PLAZA, SUITE 470
IRVINE, CALIFORNIA 92614

Clerk of the Superior Court of the State of California in and for the County of San Bernardino. The proof of service of this Notice to Adverse Party of Removal will be filed with this Court.

DATED: January 5, 2026

BALLARD ROSENBERG GOLPER & SAVITT, LLP

By: /s/ Amanda C. Koziol
MATTHEW B. GOLPER
AMANDA C. KOZIOL
INBAL GIRON
Attorneys for Defendant
FEDEX SUPPLY CHAIN, INC.

4025613.1

12

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436.

On January 5, 2026, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT (DIVERSITY)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List. I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** By electronic mail transmission from dsalter@brgslaw.com on January 5, 2026, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 5, 2026, at Encino, California.

*/s/ Darla Salter*
Darla Salter

4025613.1

13

**SERVICE LIST**

Tara J. Licata, Esq.
Alana Ostrowiecki, Esq.
Licata & Yeremenko
16000 Ventura Boulevard
Suite 800
Encino, California  91436
Phone:         (818) 783-5757
Fax:   (818) 783-7710

Email:
    tlicata@lylegal.net
    aostrowiecki@lylegal.net

*Attorneys for Plaintiff*
ESTELA FUENTES